UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOHN EDWARDS WILLIAMS,

        Petitioner,        2:14-cv-01708-AA

        v.        ORDER

STATE OF OREGON,
et al.,

        Respondent.

AIKEN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment dated January 25, 2012 from the Grant County Circuit Court after convictions for multiple sex crimes. After petitioner pleaded no contest to the charges, the court imposed three 75-month sentences of imprisonment, all to run consecutively.

    Petitioner did not directly appeal his convictions or file a petition for post-conviction relief.

    On October 27, 2014, petitioner filed a petition for writ of habeas corpus alleging various claims for relief. Petition

1 - ORDER

(#1).

Respondent now moves to deny relief and dismiss this proceeding on the grounds that petitioner procedurally defaulted his claims and because the petition is time barred. Response (#22).

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000),

2 - ORDER

Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

In this case, petitioner did not appeal his convictions or file for post-conviction relief. Because petitioner did not fairly present the claims alleged his Petition (#1) to Oregon's highest court, and the time for presenting new

3 - ORDER

claims is past,[1] the claims are procedurally defaulted. Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Accordingly, the claims in this proceeding are not properly before the court and are denied.

Even if petitioner could establish exhaustion or entitlement to an exception to the exhaustion requirement, he did not file his petition within the one-year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, petitioner's claimed are time barred.

Based on the foregoing, petitioner's Petition (#1) is denied. The Clerk of the Court is directed to enter a judgment dismissing this proceeding.

Petitioner has not made a substantial showing of the

/////

/////

---

[1] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires that PCR appeals be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court be filed within 35 days from the date of the Court of Appeals' decision. See also, ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

4 - ORDER

denial of a constitutional right. Therefore, a certificate of appealability is denied. *See,* 28 U.S.C. 2253(c)(2).

DATED this 3 day of December, 2015.

*Ann Aiken*
Ann Aiken
United States District Judge

5 - ORDER